IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LYRALISA LAVENA STEVENS,

        Plaintiff,                No. CIV S-10-0914 GGH P

    vs.

MIKE KNOWLES, et al.,

        Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected

1

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief.  28

U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a

cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

"The pleading must contain something more...than...a statement of facts that merely creates a

suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct.

1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff's allegations are not easy to unravel. Plaintiff does not clearly set forth her claims as to each named defendant, and she is inconsistent in identifying every defendant. For example, plaintiff lists on the caption that she is suing Warden Mike Knowles, Receiver J. Clark Kelso, and T. Kimura Yip of Health Care Management. Complaint, p. 1. On the first page of her complaint, plaintiff entitles her filing a "motion for change of venue." Id. She attaches a Central District civil rights complaint form with a case number of CV-08-1674 AHM (OP), naming as defendants Wardens Mike Knowles and Kathleen Dickinson; T. Kimura Yip; Robert Suiter; elsewhere an additional defendant in that case appears to have been a B. Collon. Id., at 2-3. According to plaintiff, the first amended complaint in Case No. CV-08-1674 was dismissed, but plaintiff was given leave to amend. Id., at 3. Plaintiff lists that case as having been filed on approximately March 11, 2008, with the "latest" disposition being January 4, 2010. Evidently, the gravemen of that complaint centered upon plaintiff's request for a "surgical curative SRS" involving plaintiff's treatment following pre-operative transgender therapy. Id., at 3, 8. Additional defendants spring up: Joseph Bick, M.D., Chief Deputy Health Care Manager at California Medical Facility-Vacaville (CMF), and Veronica Thomas, Ph.D, apparently appointed by a court as a psychiatrist for plaintiff at some point. Id., at 5-6.

In the claims attached, which the undersigned is unable to discern is intended as part of a new action filed in this court or are claims that have been presented in the Central District complaint, plaintiff claims that she has been denied effective psychiatric assistance and medical care because she was not properly examined so as to have a brain tumor detected before June 21, 2002. Id., at 7. Proper diagnosis would have prevented plaintiff's disk damage in her

1   spine due to a fall.  Id.  Plaintiff does not name the defendants allegedly responsible for this

2   failure.  Separately, Veronica Thomas and Robert Suiter are alleged to have failed to notice side

3   effects of medications plaintiff was taking, although plaintiff does not make clear what side

4   effects were suffered (if plaintiff is referring to the tumor, this is unclear).  Id.  Plaintiff also

5   claims that she needs a "post operative curative" to prevent an "excessive risk" of the return of

6   the tumor(s) and "to conclude plaintiff's pre-operative hormone therapy."  Id.  Plaintiff also

7   claims that in undergoing surgery to remove the "hormonally sensitive" brain tumor, she "lost

8   enough blood to die."  Id., at 8.

9           Unhelpfully, plaintiff has attached what she characterizes as "supplemental facts

10  according to the Social Security Act"; cases wherein claimants apparently sought Medi-Cal

11  benefits for "radical sex conversion surgery" or simply "transsexual surgery"; various copies of

12  plaintiff's medical prescription records; and other apparently miscellaneous exhibits.  Id., at 8-62.

13          It is wholly unclear on what basis plaintiff seeks to proceed in this court.  To the

14  extent that this is a motion for a change of venue, it should not have been filed as a new case, but

15  rather should have been filed within the case before the court which is currently considering that

16  case.  To the extent plaintiff seeks to open a new civil rights action, her filing lacks coherence.

17  To state a claim for a violation of Eighth Amendment rights for inadequate medical care, plaintiff

18  must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious

19  medical needs."  Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).  To prevail,

20  plaintiff must show both that his medical needs were objectively serious, and that defendants

21  possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct.

22  2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The

23  requisite state of mind for a medical claim is "deliberate indifference."  Hudson v. McMillian,

24  503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

25          A serious medical need exists if the failure to treat a prisoner's condition could

26  result in further significant injury or the unnecessary and wanton infliction of pain.  Indications

4

that a prisoner has a serious need for medical treatment are the following:  the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  Plaintiff's complaint will be dismissed with leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  The inapposite motion to change venue (docket #2) is vacated;

4.  The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: June 1, 2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
stev0914.bnf

6